THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JONATHAN M., individually and on behalf of K.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>SELECTHEALTH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00471-JCB<br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is the parties' stipulated motion to permit Plaintiff Jonathan M. ("Jon") and K.M., a minor, to proceed anonymously in this case.[2] For the reasons explained below, and based upon the parties' stipulation, the court grants the motion.

### BACKGROUND

This case concerns Defendant SelectHealth's ("SelectHealth") denial of benefits for K.M.'s care for purportedly being not medically necessary.[3] Plaintiffs' complaint provides a detailed account of the struggles K.M. went through as a minor, including severe anxiety and depression, auditory hallucinations, restrictive eating, compulsive behaviors, suicidal and

---

[1] ECF No. 8.
[2] ECF No. 16.
[3] ECF No. 1 (Complaint) at ¶¶ 23, 34, 36, 42, 47.

homicidal ideation, and multiple suicide attempts.[4] Plaintiff presented extensive evidence from K.M.'s medical records in support of his appeals asserting K.M.'s care at Wingate Wilderness Therapy and Cascade Academy should have been covered by SelectHealth, including sensitive and personal information about her mental health history as a minor.[5]

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[6] With respect to minors, however, Rule 5.2 provides that minors may be named by initials unless the court orders otherwise.[7] No provision in the federal rules permits "suits by persons using fictitious names" or "anonymous plaintiffs."[8] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[9] Exceptional circumstances include those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[10] In deciding whether to preserve anonymity, the court weighs these exceptional circumstances against the public's interest in access to legal proceedings.[11] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a

---

[4] *See generally id.*
[5] *Id.* at ¶¶ 9-11, 24-33, 37-41, 44-46.
[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).
[7] Fed. R. Civ. P. 5.2(a)(3).
[8] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).
[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).
[10] *Id.* (internal quotation marks omitted).
[11] *See id.*

pseudonym."[12] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[13] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[14]

ANALYSIS

I.   **The Court Grants Plaintiff's Stipulated Motion to Proceed Anonymously.**

The court grants Plaintiff's stipulated motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Plaintiff's anonymity in this matter. The court takes each in turn.

First, the medical records and treatment at issue in this case almost exclusively refer to K.M.'s struggles before the age of 18 and K.M. is still under 18. Rule 5.2(a)(3) requires litigants to protect the identity of minors by, at minimum, only using the minor in question's initials when filing their pleadings. Accordingly, Plaintiff filed the pleading under their initials to protect K.M.'s identity. Though Jon was not a minor at any relevant time, disclosure of his full name

---

[12] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (unpublished) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).
[13] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).
[14] *Id.*

would have the impact of revealing K.M.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[15]

Second, a substantial portion of the record in this case is comprised of K.M.'s protected health information and records relating to her treatment. Even absent any discussion of K.M.'s age in this case, these records are protected from public disclosure by HIPAA.[16] Moreover, highly sensitive and personal medical issues experienced by K.M. constitute an "exceptional circumstance" that weighs against the disclosure of Jon and K.M.'s identities.

Finally, the identities of Jon and K.M. are known to SelectHealth, as SelectHealth was the insurer and claims administrator that provided coverage for Jon and K.M. at the relevant times in this case. Consequently, allowing Plaintiff to proceed anonymously does not prejudice SelectHealth and the court need not order Plaintiff to file under seal a disclosure containing the true legal names of Jon and K.M.

In sum, the public interest in access to the identities of the parties in this proceeding appears relatively limited compared to the interest in protecting the identity of a minor and matters of a highly sensitive and personal nature. Based on the foregoing, the court agrees with the parties that Plaintiffs should be permitted to proceed anonymously. Accordingly, Plaintiffs' stipulated motion[17] is GRANTED.

---

[15] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (Although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another . . . Ordering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the . . . minor in the public record.").

[16] 42 U.S.C. §1320(d).

[17] ECF No. 16.

IT IS SO ORDERED.

DATED this 5th day of February 2025.

                BY THE COURT:

                _____
                JARED C. BENNETT
                United States Magistrate Judge